This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                      **NO. 35,820**

**SHAUN RYALS,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Christina Pete Argyres, District Judge**

Hector H. Balderas, Attorney General
Maha Khoury, Assistant Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**VANZI, Judge.**

{1}     Defendant has appealed from numerous convictions, including second degree murder, arson, tampering with evidence (three counts) and receiving or transferring

a stolen vehicle. Defendant raised a single issue, contending one of the convictions for tampering with evidence violates double jeopardy. Tending to agree, we previously issued a notice of proposed summary disposition in which we proposed to reverse one of those convictions. The State has filed a memorandum in opposition. After due consideration, we adhere to our initial assessment.

{} The two convictions at issue are premised on Defendant's acts of transporting the victim's body to a location and setting fire to it. [RP 104, 108] In the notice of proposed summary disposition we explained that we found no indication in the record before us that these acts occurred at different times, that there were any intervening events, or that Defendant's intent differed. [CN 3; RP 157, 161-62] Based on that understanding, we proposed to hold that there were insufficient indicia of distinctness to support multiple convictions. [CN 3] *See, e.g.*, *State v. Saiz*, 2008-NMSC-048, ¶¶ 39, 41, 144 N.M. 663, 191 P.3d 521 (indicating that the double jeopardy analysis in unit of prosecution cases involving tampering with evidence turns upon indicia of distinctness, and observing that the defendant's acts of transporting the victim's body and disposing of it supported a single conviction for tampering with evidence), *abrogated on other grounds by State v. Belanger*, 2009-NMSC-025, ¶ 36 n.1, 146 N.M. 357, 210 P.3d 783.

{} In its memorandum in opposition the State attempts to distinguish the instant case on the theory that Defendant's conduct constituted "at least two distinct acts."

2

[MIO 3] Specifically, it argues that placing the victim's body in the trunk of the vehicle and driving it across town was an act of "transporting," while the subsequent act of setting fire to the body in the trunk was a separate act of destruction. [MIO 3-4] The State further contends that different intent is associated with each act (i.e., intent to transport evidence, and intent to destroy evidence). [MIO 3] We remain unpersuaded that Defendant's course of conduct and intent may be parsed out in this fashion.

{}      In *Saiz*, the New Mexico Supreme Court addressed a similar situation. The fact that distinct "physical acts" were performed does not necessarily establish sufficient indicia of distinctness. *Id.* ¶¶ 40-41. Rather, the Court focused on timing, location, and sequencing. In so doing, it concluded that the defendant's acts of transporting the victim's body in the trunk of a vehicle from the murder scene to a remote location and there "disposed of it" by concealing it in an irrigation ditch supported a single conviction for tampering with evidence. *Id.* ¶¶ 4, 8-9, 41.

{}      The situation presented in this case is not meaningfully distinguishable from the situation addressed in *Saiz.* In an apparently uninterrupted course of conduct, both defendants transported the bodies of their victims from the scenes of the murders to separate locations, where both defendants attempted to dispose of the bodies. In both cases, the acts of transporting and disposal were performed with the single apparent

3

intent to prevent apprehension, prosecution, and conviction. As such, we conclude that the conduct at issue supports a single conviction for tampering with evidence.

{}      In its memorandum in opposition, the State further argues that this case should be analogized to *State v. Urioste*, 2011-NMCA-121, 267 P.3d 820. In that case the defendant shot an individual in the back seat of the defendant's vehicle. *Id.* ¶ 11. The defendant then drove to a remote location and set the body on fire. *Id.* Although analogous to the matter at hand, that aspect of the defendant's conduct was not at issue in *Urioste*. Instead, the defendant's handling of the vehicle, which formed the basis for two of the three convictions for tampering, was the subject of the challenge. *Id.* ¶¶ 34, 36. The evidence relevant to those convictions established that the defendant had given the vehicle away after the murder and disposal of the body, in an apparent effort to distance himself from evidence of the crimes. *Id.* ¶ 12. When the recipient subsequently learned what had occurred in the vehicle, he "dropped it off somewhere" and the defendant retrieved it. *Id.* ¶¶ 12, 36-37. The defendant then set fire to the back seat, in an apparent attempt to destroy evidence of the homicide. *Id.* ¶¶ 12, 14, 36-37. One count was based on the defendant's act of giving the vehicle away, and the other count was based on the defendant's later acts of regaining possession, taking the vehicle away, and setting fire to it. *Id.* ¶ 36. This Court upheld the convictions on grounds that the predicate acts occurred at a different times and places. *Id.* In so ruling, we specifically distinguished *Saiz*, wherein the acts associated with the

4

disposal of the body of the victim occurred at fundamentally the same time and place. *Id.*

{}      As previously stated, the operative facts in this case are far more analogous to those addressed in *Saiz*. And unlike *Urioste*, the transportation and burning of the evidence in question (here, the victim's body) occurred in a single location (the vehicle), and by all indications, within a single continuous time frame. We therefore conclude that only one conviction for tampering with evidence (relative to the body) is sustainable.

{}      Accordingly, for the reasons stated above and in the notice of proposed summary disposition, we reverse one of Defendant's convictions for tampering with evidence, and remand to the district court for proper adjustment to Defendant's sentence.

{}      **IT IS SO ORDERED.**

_____

**LINDA M. VANZI, Judge**

**WE CONCUR:**

_____

**MICHAEL E. VIGIL, Chief Judge**

_____

**J. MILES HANISEE, Judge**